## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. SIMPLEXGRINNELL, LP | ) ) ) ) | Civil Action No. _5:15-cv-12648_____ |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| FTL ELECTRIC, LLC; SEAWOLF CONSTRUCTION CORP. and AMERICAN SAFETY CASUALTY INSURANCE CO. | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT

Pursuant to 40 U.S.C. § 3133(a), SimplexGrinnell LP, appears as the use

Plaintiff in the name of the United States of America, by counsel, Paul W.

Gwaltney, Jr. and alleges as follows:

## GENERAL

1.      At all times herein mentioned, Plaintiff SimplexGrinnell LP

("Plaintiff") was, and now is, a limited partnership doing business in the State of

West Virginia and the State of Ohio and was, and now is, duly licensed as a

contractor by the State of West Virginia and the State of Ohio to perform work of the type hereinafter described.

2.     Plaintiff is informed and believes and based thereon alleges that defendant FTL Electric, LLC ("FTL") was, at all relevant times mentioned herein, acting as an electrical contractor providing works and doing business in Raleigh County, State of West Virginia and Ross County, State of Ohio.

3.     Plaintiff is informed and believes and based thereon alleges that defendant Seawolf Construction Corporation ("SCC") was, at all relevant times mentioned herein, acting as a general contractor providing works and doing business in Raleigh County, State of West Virginia and Ross County, State of Ohio.

4.     Plaintiff is informed and believes and based thereon alleges that defendant American Safety Casualty Insurance Co. ("ASC") was a licensed surety provide Miller Act payment and performance bonds for federally owner construction projects within the State of West Virginia.

5.      Plaintiff is informed and believes and on that basis alleges that Plaintiff provided work for Defendant on numerous works of improvement described as follows:

        a.     The Veterans Administration Medical Center Fire Alarm Panel, located at 200 Veterans Ave., Beckley, West Virginia ("Project 1");

        b.      The Veterans Administration Medical Center MRI/ED located at 200 Veterans Ave., Beckley, West Virginia ("Project 2");

        c.      The Veterans Administration Medical Center VFD Relays project located at 17273 Route 104, Chillicothe, OH 45601 ("Project 3"); and

        d.      The Veterans Administration Medical Center VFD Testing project located at 17273 Route 104, Chillicothe, OH 45601 ("Project 4").  These four projects shall sometimes be referred to collectively as the Projects.

6.     Plaintiff is informed and believes and thereon alleges that the United States Veterans Administration is the owner of each of the Projects.

7.     The United States District Court for Southern District of West Virginia pursuant to 40 U.S.C. section 3133(b)(3) is the proper venue and forum to hear this matter as the Project work was performed in Beckley, West Virginia.

## FIRST CAUSE OF ACTION
### (Breach of Written Contract, Count 1 against FTL)

8.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

9.     Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of SCC entered into a general contract with the proper federal agency for the construction of the Project 1. Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of FTL entered

into a subcontract with for a portion of the work to be performed at the Project 1.
In turn, authorized representatives of FTL entered into various subcontracts with
companies to perform work on the Project 1.

10.    On or about February 18, 2013, authorized representatives of Plaintiff
and Defendant, entered into a written contract ("Written Contract 1") whereby
Plaintiff was to perform certain specified labor and provide materials and, in
exchange, defendant agreed to pay Plaintiff the sum of $29,973, plus additional
sums for any extra work. Attached hereto as Exhibit "A" and incorporated herein
by reference as though set forth in full are relevant parts of Written Contract 1.

11.    From on or about February 18, 2013, Plaintiff performed the work
called for under Written Contract 1 and such extra work as was requested by
Defendant.

12.    Plaintiff has performed all things necessary on its part to be performed
under Written Contract 1 and all changes and modifications thereto, except for
those things excused by the actions or omissions of said defendant.

13.    Defendant has breached Written Contract 1, in that although demand
therefor has been made, there is now due, owing and unpaid from Defendant to
Plaintiff a sum in excess of $31,771.38, for original contract labor, extra work,
materials, and ordinary burden together with interest thereon according to proof at
time of trial.

14.     In addition, Plaintiff was scheduled to perform work within a limited time frame.  Plaintiff had a contract right to perform its work within a reasonable time frame and certainly within the original project schedule time frame.  Instead, the owner and FTL extended the project well beyond this point in time resulting in extended overhead expense to Plaintiff.  Plaintiff seeks a recovery for this extended overhead expense in an amount according to proof at trial, but no less than $15,000.00.

15.     For the reasons referenced in the previous paragraph, delay, disruption, unreasonable inefficiencies and extended overhead expense to Plaintiff (collectively "Compensable Impacts") and claims by Plaintiff, have arisen under Written Contract 1.  Plaintiff's Compensable Impacts on the Project are in an amount according to proof at trial.

16.     Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

17.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $46,771.38, and in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### (Breach of Oral Contract, Count 1 Against FTL)

18.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

19.    Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of SCC entered into a general contract with the proper federal agency for the construction of the Project. Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of FTL entered into a subcontract with for a portion of the work to be performed at the Project.  In turn, authorized representatives of FTL entered into various subcontracts with companies to perform work on the Project.

20.    Authorized representatives of Plaintiff and Defendant entered into an oral contract ("Oral Contract 1") whereby Plaintiff was to perform certain specified labor and provide materials and, in exchange, defendant agreed to pay Plaintiff the sum of $29,973, plus additional sums for any extra work.  The terms and conditions of this oral agreement are specifically the same as those reflected in Exhibit "A."

21.    Plaintiff performed the work called for under Oral Contract 1 and such extra work as was requested by said defendant.

22.    Plaintiff has performed all things necessary on its part to be performed under Oral Contract 1 and all changes and modifications thereto, except for those things excused by the actions or omissions of said defendant.

23.    Defendant breached Oral Contract 1, in that although demand therefor has been made, there is now due, owing and unpaid from said defendants, and each

of them, to Plaintiff a sum in excess of $31,771.38 for contract labor, extra work, materials, and ordinary burden together with interest thereon according to proof at time of trial.

24.     In addition, Compensable Impact claims by Plaintiff, have arisen under Oral Contract 1.  Plaintiff's Compensable Impacts on the Project are in an amount according to proof at trial, but no less than $15,000.00.

25.     Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

26.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $46,771.38 and in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
**(Account Stated, Count 1 Against FTL)**

27.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

28.     In Raleigh County, State of West Virginia, Defendant became indebted to Plaintiff in the agreed sum of $46,771.38 for work and labor rendered by Plaintiff Defendant at its special request and for materials furnished in connection with said work and labor at Project 1.

29.     An agreed upon account balance was examined and accepted by Plaintiff and Defendant for original contract labor, extra work, materials and

ordinary burden in the amount of $31,771.38 for Project 1.  Additionally, a

separate account statement for extended overhead was examined and accepted by

Plaintiff and Defendant, but no less than $15,000.00 for Project 1.

30.     Although demand therefor has been made, there is now due, owing

and unpaid, after deducting all just credits and offsets from Defendant to Plaintiff

the sum of $46,771.38 for contract labor, materials, and ordinary burden together

with interest thereon according to proof, extended overhead expenses, penalties

and attorney fees.

31.     As a result of the foregoing, Plaintiff has been damaged in an amount

exceeding $46,771.38, and in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### (Quantum Meruit Count 1 Against FTL)

32.     Plaintiff repeats and realleges each and every of the foregoing

paragraphs and incorporates each and every of these paragraphs by this reference

as though fully set forth in this cause of action.

33.     At the special instance and request of Defendant FTL, and on its

promise to pay the reasonable value thereof, Plaintiff herein performed work and

labor and furnished certain materials in connection with Project 1 described above.

34.     The labor and materials were of the reasonable worth and value of

$46,771.38 which includes amounts for extra work and change orders and

Compensable Impacts.

35.     Although demand therefor has been made, there is now due, owing and unpaid from Defendant  to Plaintiff the sum of $46,771.38 for contract labor, materials, profit and ordinary burden, Compensable Impacts together with interest thereon according to proof and attorneys fees.  Plaintiff is also owed and seeks reasonable extended overhead compensation as more fully alleged above.

36.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $46,771.38 and in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION
**(Enforcement of Miller Act Payment Bond, Count 1 Against FTL, SCC and ASC)**

37.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

38.     Defendant ASC, as surety, and SCC, as principal, executed a Miller Act Payment Bond (the "Bond") pursuant to the provisions of 40 USC §270a et seq. whereby and wherein said defendants undertook to satisfy the claims of those person/entities providing labor and/or materials to Project 1.  Plaintiff is a member of the class of persons for whose benefit said Bond was issued.

39.     Plaintiff provided labor and materials for the improvement of said Project in an amount in value exceeding $46,771.38.  Said labor and materials were used in performance of Written Contract 1 and Oral Contract 1.  Moreover,

Plaintiff provided services during an unreasonably extended project period. Plaintiff is unpaid a sum in excess of $46,771.38 for original contract labor, materials and ordinary burden which were provided pursuant to Written Contract 1 and Oral Contract 1.

40.     All material provided and all labor performed by Plaintiff was required to be performed by defendant FTL.

41.     Within the time allowed by law Plaintiff, to the extent applicable, provided its Miller Act notice in compliance with the provisions of 40 USC §270b. A copy of this notice is attached hereto as Exhibit "B" and incorporated herein by reference as though set forth in full.

42.     Plaintiff has made demand upon defendants to pay the amount of $46,771.38, but all defendants have failed to pay this demand.  Consequently, Plaintiff now seeks payment by defendants of $46,771.38.

43.     As a result of the foregoing, Plaintiff has been damaged in an amount in excess of $46,771.38 and in an amount according to proof at trial.

44.     All said Project 1 material and labor was provided and performed within the Southern District of West Virginia.

## SIXTH CAUSE OF ACTION
### (Breach of Written Contract, Count 2 against FTL)

45.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

46.     Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of SCC entered into a general contract with the proper federal agency for the construction of the Project 2. Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of FTL entered into a subcontract with for a portion of the work to be performed at the Project 2. In turn, authorized representatives of FTL entered into various subcontracts with companies to perform work on the Project 2.

47.     On or about February 18, 2013, authorized representatives of Plaintiff and Defendant, entered into a written contract ("Written Contract 2") whereby Plaintiff was to perform certain specified labor and provide materials and, in exchange, defendant agreed to pay Plaintiff the sum of $13,353.44, plus additional sums for any extra work. Attached hereto as Exhibit "C" and incorporated herein by reference as though set forth in full are relevant parts of Written Contract 2.

48.     From on or about February 18, 2013, Plaintiff performed the work called for under Written Contract 2 and such extra work as was requested by Defendant.

49.     Plaintiff has performed all things necessary on its part to be performed under Written Contract 2 and all changes and modifications thereto, except for those things excused by the actions or omissions of said defendant.

50.     Defendant has breached Written Contract 2, in that although demand therefor has been made, there is now due, owing and unpaid from Defendant to Plaintiff a sum in excess of $5,016.04, for original contract labor, extra work, materials, and ordinary burden together with interest thereon according to proof at time of trial.

51.     In addition, Plaintiff was scheduled to perform work within a limited time frame.  Plaintiff had a contract right to perform its work within a reasonable time frame and certainly within the original project schedule time frame.  Instead, the owner and FTL extended the project well beyond this point in time resulting in extended overhead expense to Plaintiff.  Plaintiff seeks a recovery for Compensable Impacts in the amount of not less than $5,000.00.

52.     Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

53.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $10,016.04, and in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION
### (Breach of Oral Contract, Count 2 Against FTL)

54.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

55.    Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of SCC entered into a general contract with the proper federal agency for the construction of Project 2. Plaintiff is informed and believes, and based thereon alleges, that authorized representatives of FTL entered into a subcontract with for a portion of the work to be performed at Project 2.  In turn, authorized representatives of FTL entered into various subcontracts with companies to perform work on Project 2.

56.    Authorized representatives of Plaintiff and Defendant entered into an oral contract ("Oral Contract 2") whereby Plaintiff was to perform certain specified labor and provide materials and, in exchange, defendant agreed to pay Plaintiff the sum of $13,353.44, plus additional sums for any extra work.  The terms and conditions of this oral agreement are specifically the same as those reflected in Exhibit "C."

57.    Plaintiff performed the work called for under Oral Contract 2 and such extra work as was requested by said defendant.

58.     Plaintiff has performed all things necessary on its part to be performed under Oral Contract 2 and all changes and modifications thereto, except for those things excused by the actions or omissions of said defendant.

59.     Defendant breached Oral Contract 2, in that although demand therefor has been made, there is now due, owing and unpaid from said defendants, and each of them, to Plaintiff a sum in excess of $5,016.04 for contract labor, extra work, materials, and ordinary burden together with interest thereon according to proof at time of trial.

60.     In addition, Compensable Impact claims by Plaintiff, have arisen under Oral Contract 2.  Plaintiff's Compensable Impacts on the Project are in an amount according to proof at trial, but no less than $5,000.00.

61.     Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

62.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $10,016.04 and in an amount according to proof at trial.

**<u>EIGHTH CAUSE OF ACTION</u>**
**(Account Stated, Count 2 Against FTL)**

63.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

64.    In Raleigh County, State of West Virginia, Defendant became indebted to Plaintiff in the agreed sum of $13,353.44 for work and labor rendered by Plaintiff Defendant at its special request and for materials furnished in connection with said work and labor at Project 2.

65.    An agreed upon account balance was examined and accepted by Plaintiff and Defendant for original contract labor, extra work, materials and ordinary burden in the amount of $5,016.04 for Project 2.  Additionally, a separate account statement for extended overhead was examined and accepted by Plaintiff and Defendant, but no less than $5,000.00 for Project 2.

66.    Although demand therefor has been made, there is now due, owing and unpaid, after deducting all just credits and offsets from Defendant to Plaintiff the sum of $10,016.04 for contract labor, materials, and ordinary burden together with interest thereon according to proof, extended overhead expenses, penalties and attorney fees.

67.    As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $10,016.04, and in an amount according to proof at trial.

## NINTH CAUSE OF ACTION
### (Quantum Meruit Count 2 Against FTL)

68.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

69.    At the special instance and request of Defendant FTL, and on its promise to pay the reasonable value thereof, Plaintiff herein performed work and labor and furnished certain materials in connection with Project 2 described above.

70.    The labor and materials were of the reasonable worth and value of $18,353.44 which includes amounts for extra work and change orders and Compensable Impacts.

71.    Although demand therefor has been made, there is now due, owing and unpaid from Defendant  to Plaintiff the sum of $10,016.04 for contract labor, materials, profit and ordinary burden, Compensable Impacts together with interest thereon according to proof and attorneys fees.  Plaintiff is also owed and seeks reasonable extended overhead compensation as more fully alleged above.

72.    As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $10,016.04 and in an amount according to proof at trial.

### TENTH CAUSE OF ACTION
**(Enforcement of Miller Act Payment Bond, Count 2 Against FTL, SCC and ASC)**

73.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

74.    Defendant ASC, as surety, and SCC, as principal, executed a Miller Act Payment Bond (the "Bond") pursuant to the provisions of 40 USC §270a et

seq. whereby and wherein said defendants undertook to satisfy the claims of those person/entities providing labor and/or materials to Project 2.  Plaintiff is a member of the class of persons for whose benefit said Bond was issued.

75.    Plaintiff provided labor and materials for the improvement of said Project in an amount in value exceeding $18,353.44.  Said labor and materials were used in performance of Written Contract 2 and Oral Contract 2.  Moreover, Plaintiff provided services during an unreasonably extended project period. Plaintiff is unpaid a sum in excess of $10,016.04 for original contract labor, materials and ordinary burden which were provided pursuant to Written Contract 2 and Oral Contract 2.

76.    All material provided and all labor performed by Plaintiff was required to be performed by defendant FTL.

77.    Within the time allowed by law Plaintiff, to the extent applicable, provided its Miller Act notice in compliance with the provisions of 40 USC §270b. A copy of this notice is attached hereto as Exhibit "D" and incorporated herein by reference as though set forth in full.

78.    Plaintiff has made demand upon defendants to pay the amount of $10,016.04, but all defendants have failed to pay this demand.  Consequently, Plaintiff now seeks payment by defendants of $10,016.04.

79.     As a result of the foregoing, Plaintiff has been damaged in an amount in excess of $10,016.04 and in an amount according to proof at trial.

80.     All said Project 2 material and labor was provided and performed within the Southern District of West Virginia.

## ELEVENTH CAUSE OF ACTION
### (Breach of Written Contract, Count 3 against FTL)

81.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

82.     On or about April 2, 2014, authorized representatives of Plaintiff and Defendant, entered into a written contract ("Written Contract 3") whereby Plaintiff was to perform certain specified labor and provide materials and, in exchange, defendant agreed to pay Plaintiff the sum of $1,361.00 plus additional sums for any extra work.  Attached hereto as Exhibit "E" and incorporated herein by reference as though set forth in full are relevant parts of Written Contract 3.

83.     From on or about April 2, 2014, Plaintiff performed the work called for under Written Contract 3 and such extra work as was requested by Defendant.

84.     Plaintiff has performed all things necessary on its part to be performed under Written Contract 3 and all changes and modifications thereto, except for those things excused by the actions or omissions of said defendant.

85.     Defendant has breached Written Contract 3, in that although demand therefor has been made, there is now due, owing and unpaid from Defendant to Plaintiff a sum in excess of $1,463.07, for original contract labor, extra work, materials, and ordinary burden together with interest thereon according to proof at time of trial.

86.     Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

87.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $1,463.07, and in an amount according to proof at trial.

## TWELFTH CAUSE OF ACTION
### (Breach of Oral Contract, Count 3 Against FTL)

88.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

89.     Authorized representatives of Plaintiff and Defendant entered into an oral contract ("Oral Contract 3") whereby Plaintiff was to perform certain specified labor and provide materials and, in exchange, defendant agreed to pay Plaintiff the sum of $1,361.00, plus additional sums for any extra work.  The terms and conditions of this oral agreement are specifically the same as those reflected in Exhibit "E."

90.     Plaintiff performed the work called for under Oral Contract 3 and such extra work as was requested by said defendant.

91.     Plaintiff has performed all things necessary on its part to be performed under Oral Contract 3 and all changes and modifications thereto, except for those things excused by the actions or omissions of said defendant.

92.     Defendant breached Oral Contract 3, in that although demand therefor has been made, there is now due, owing and unpaid from said defendants, and each of them, to Plaintiff a sum in excess of $1,361.00 for contract labor, extra work, materials, and ordinary burden together with interest thereon according to proof at time of trial.

93.     Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

94.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $1,463.07 and in an amount according to proof at trial.

## THIRTEENTH CAUSE OF ACTION
### (Account Stated, Count 3 Against FTL)

95.     Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

96.     In Chillicothe, Ohio, Defendant became indebted to Plaintiff in the agreed sum of $1,463.07 for work and labor rendered by Plaintiff Defendant at its

special request and for materials furnished in connection with said work and labor at Project 3.

97.     An agreed upon account balance was examined and accepted by Plaintiff and Defendant for original contract labor, extra work, materials and ordinary burden in the amount of $1,463.07 for Project 3.

98.     Although demand therefor has been made, there is now due, owing and unpaid, after deducting all just credits and offsets from Defendant to Plaintiff the sum of $1,463.07 for contract labor, materials, and ordinary burden together with interest thereon according to proof, penalties and attorney fees.

99.     As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $1,463.07, and in an amount according to proof at trial.

## FOURTEENTH CAUSE OF ACTION
### (Quantum Meruit Count 3 Against FTL)

100.   Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

101.   At the special instance and request of Defendant FTL, and on its promise to pay the reasonable value thereof, Plaintiff herein performed work and labor and furnished certain materials in connection with Project 3 described above.

102.   The labor and materials were of the reasonable worth and value of $1,463.07 which includes amounts for extra work and change orders.

103.   Although demand therefor has been made, there is now due, owing and unpaid from Defendant to Plaintiff the sum of $1,463.07 for contract labor, materials, profit and ordinary burden, together with interest thereon according to proof and attorneys fees.

104.   As a result of the foregoing, Plaintiff has been damaged in an amount in excess of $1,463.07 and in an amount according to proof at trial.

## FIFTEENTH CAUSE OF ACTION
### (Breach of Written Contract, Count 4 against FTL)

105.   Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

106.   On or about March 18, 2014, authorized representatives of Plaintiff and Defendant, entered into a written contract ("Written Contract 4") whereby Plaintiff was to perform certain specified labor and provide materials and, in exchange, defendant agreed to pay Plaintiff the sum of $1,826.40 plus additional sums for any extra work.  Attached hereto as Exhibit "F" and incorporated herein by reference as though set forth in full are relevant parts of Written Contract 4.

107.   From on or about March 18, 2014, Plaintiff performed the work called for under Written Contract 4 and such extra work as was requested by Defendant.

108.   Plaintiff has performed all things necessary on its part to be performed under Written Contract 4 and all changes and modifications thereto, except for those things excused by the actions or omissions of said defendant.

109.   Defendant has breached Written Contract 4, in that although demand therefor has been made, there is now due, owing and unpaid from Defendant to Plaintiff a sum in excess of $1,963.38, for original contract labor, extra work, materials, and ordinary burden together with interest thereon according to proof at time of trial.

110.   Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

111.   As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $1,963.38, and in an amount according to proof at trial.

## SIXTEENTH CAUSE OF ACTION
### (Breach of Oral Contract, Count 4 Against FTL)

112.   Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

113.   Authorized representatives of Plaintiff and Defendant entered into an oral contract ("Oral Contract 4") whereby Plaintiff was to perform certain specified labor and provide materials and, in exchange, defendant agreed to pay Plaintiff the sum of $1,826.40, plus additional sums for any extra work.  The terms and

conditions of this oral agreement are specifically the same as those reflected in Exhibit "F."

114.   Plaintiff performed the work called for under Oral Contract 4 and such extra work as was requested by said defendant.

115.   Plaintiff has performed all things necessary on its part to be performed under Oral Contract 4 and all changes and modifications thereto, except for those things excused by the actions or omissions of said defendant.

116.   Defendant breached Oral Contract 4, in that although demand therefor has been made, there is now due, owing and unpaid from said defendants, and each of them, to Plaintiff a sum in excess of $1,963.38 for contract labor, extra work, materials, and ordinary burden together with interest thereon according to proof at time of trial.

117.   Plaintiff is entitled to recover and seeks its attorney's fees in this action under the referenced contract and by statute.

118.   As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $1,963.38 and in an amount according to proof at trial.

## SEVENTEENTH CAUSE OF ACTION
### (Account Stated, Count 4 Against FTL)

119.   Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

120.    In Chillicothe, Ohio, Defendant became indebted to Plaintiff in the agreed sum of $1,963.38 for work and labor rendered by Plaintiff Defendant at its special request and for materials furnished in connection with said work and labor at Project 4.

121.    An agreed upon account balance was examined and accepted by Plaintiff and Defendant for original contract labor, extra work, materials and ordinary burden in the amount of $1,963.38 for Project 4.

122.    Although demand therefor has been made, there is now due, owing and unpaid, after deducting all just credits and offsets from Defendant to Plaintiff the sum of 1,963.38 for contract labor, materials, and ordinary burden together with interest thereon according to proof, penalties and attorney fees.

123.    As a result of the foregoing, Plaintiff has been damaged in an amount exceeding $1,963.38, and in an amount according to proof at trial.

## EIGHTEENTH CAUSE OF ACTION
### (Quantum Meruit Count 4 Against FTL)

124.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

125.    At the special instance and request of Defendant FTL, and on its promise to pay the reasonable value thereof, Plaintiff herein performed work and labor and furnished certain materials in connection with Project 4 described above.

126.   The labor and materials were of the reasonable worth and value of $1,963.38 which includes amounts for extra work and change orders.

127.   Although demand therefor has been made, there is now due, owing and unpaid from Defendant to Plaintiff the sum of $1,963.38 for contract labor, materials, profit and ordinary burden, together with interest thereon according to proof and attorneys fees.

128.   As a result of the foregoing, Plaintiff has been damaged in an amount in excess of $1,963.38 and in an amount according to proof at trial.

WHEREFORE, Plaintiff prays judgment as to all defendants as follows:

1.     For judgment according to proof at trial;

2.     For interest;

3.     For costs of suit incurred herein;

4.     For its attorneys' fees;

5.     For such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

United States of America, for the use of
SimplexGrinnell LP

**By Counsel,**


/s/Paul W. Gwaltney, Jr.
Paul W. Gwaltney, Jr., Esq.
*W.Va. State Bar I.D. #9379*
TAYLOR LAW OFFICE
34 Commerce Drive, Suite 201
Morgantown, WV 26501
304-225-8529